UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| TRISTAN D. ALLAN,<br><br>            Plaintiff,<br><br>       v.<br><br>DR. AKANNO,<br><br>            Defendant. | Case No.: 1:12-cv-01103-AWI-BAM PC<br><br>ORDER GRANTING DEFENDANT'S REQUEST TO CONDUCT NON-PARTY DEPOSITIONS VIA VIDEOCONFERENCE<br><br>(ECF No. 21) |

      Plaintiff Tristan D. Allan ("Plaintiff") is a state prisoner proceeding se and in forma pauperis in this civil rights action filed pursuant to 42 U.S.C. § 1983.  This action proceeds on Plaintiff's complaint against Defendant Akanno for deliberate indifference to medical needs in violation of the Eighth Amendment of the United States Constitution.  (ECF Nos. 1, 11.)

      On August 1, 2014, Defendant Akanno filed a request seeking leave to conduct the depositions of the following non-party witnesses via videoconference:  (1) Chad D. Smith, M.D., Bakersfield Memorial Hospital, 420 34th Street, Bakersfield, CA; (2) Peter McCauley, M.D., Advanced Kidney Med. Group, 3933 Coffee Road, Bakersfield, CA; (3) Sarabjit Singh, M.D., Kern Cardiology Medical Group, 4000 Physicians Boulevard, Suite 101, Bakersfield, CA; (4) L. Moreno, R.N., Kern Valley State Prison – Delano 2, 3000 West Cecil Avenue, Delano, CA; and (5) Behroz Hamkar, M.D.,

1

California Institution for Men, 14901 Central Avenue, Chino, CA).  (ECF No. 21.)  The Court finds a response unnecessary and the motion is deemed submitted.[1]  Local Rule 230(l).

Defendants seek leave to depose these non-party witnesses, all of whom are healthcare providers that participated in Plaintiff's medical care, by videoconference.  Pursuant to Federal Rule of Civil Procedure 30(b) (4), the court may, on motion, order that a deposition be taken by telephone or other remote means.  Fed. R. Civ. P. 30(b)(4).  In this case, Defendants explain that permitting videoconference depositions is the only practicable means to allow Plaintiff, who is incarcerated at California State Prison-Sacramento, to participate in the depositions of these non-party witnesses.  Plaintiff would be at a videoconference facility at the prison, defense counsel would be at the Attorney General's office and a certified shorthand reporter would be located with the deponents at a videoconference site at or near the deponents' offices or workplaces.  Defense counsel also reports that videoconference depositions will eliminate travel expenses that would be incurred in traveling to the depositions.

Good cause having been shown, IT IS HEREBY ORDERED that:

1. Defendant's request to conduct five non-party depositions via videoconference is GRANTED;
2. Defendant may conduct the following non-party deposition by videoconference:  (1) Dr. Chad D. Smith, Dr. Peter McCauley, Dr. Sarabjit Singh, Registered Nurse J. Moreno and Dr. Behroz Hamkar; and
3. Plaintiff shall be permitted to participate in these non-party depositions via videoconference from California State Prison-Sacramento.

IT IS SO ORDERED.

Dated:   **August 4, 2014**            /s/ *Barbara A. McAuliffe*        
                                UNITED STATES MAGISTRATE JUDGE

---

[1] Plaintiff will not be prejudiced by the inability to file a response because granting Defendant's request will allow Plaintiff to participate in the proposed non-party depositions.